**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| CREATIVE TECHNOLOGY LTD.,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>Defendants. | **Civil Action No. __________________**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGMENT

Plaintiff Creative Technology Ltd. ("Creative"), by and through its attorneys, hereby demands a jury trial and complains of Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. as follows:

## NATURE OF THE ACTION

1. This is a civil action for infringement of one or more claims of United States Patent No. 6,928,433 arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*.

## PARTIES

2. Plaintiff Creative Technology Ltd. is a public company organized and existing under the laws of Singapore, with its principal place of business at 31 International Business Park, #03-01 Creative Resource, Singapore 609921.

3. Upon information and belief, Defendant Samsung Electronics Co., Ltd. is a corporation organized and existing under the laws of the Republic of Korea with its principal place of business at 1320-10, Seocho 2-dong Seocho-gu, Seoul, Republic of Korea.

4. Upon information and belief, Defendant Samsung Electronics America, Inc. is a corporation organized and existing under the laws of the State of New York with a principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660.

5. Upon information and belief, Samsung Electronics America, Inc. is a subsidiary of Samsung Electronics Co., Ltd. (collectively, "Samsung" or "Defendants").

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Samsung because, *inter alia*, upon information and belief, (i) Samsung has done and continues to do business in the State of Texas; (ii) Samsung has committed and continues to commit acts of infringement in the State of Texas, including by inducing others to commit acts of patent infringement in Texas; and (iii) Samsung is registered to do business in Texas. In addition, or in the alternative, this Court has personal jurisdiction over Samsung pursuant to Fed. R. Civ. P. 4(k)(2).

8. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

**JOINDER**

9. Joinder is proper under 35 U.S.C. § 299. The allegations of infringement contained herein are asserted against the Defendants jointly, severally, or in the alternative and arise, at least in part, out of the same series of transactions or occurrences relating to Defendants' manufacture, use, sale, offer for sale, provision of instructions, manuals, and technical assistance, and importation of the same accused products. On information and belief, Defendants are part of the same corporate family of companies, and the infringement allegations arise at least in part

from Defendants' collective activities with respect to Defendants' accused products. Questions of fact common to Defendants will arise in the action, including questions relating to the structure and operation of the accused products, Defendants' infringing acts and, on information and belief, the validity of the patent-in-suit.

## PATENT-IN-SUIT

10. On August 9, 2005, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 6,928,433 (the "'433 patent"), titled "Automatic Hierarchical Categorization of Music By Metadata." On October 8, 2012, the United States Patent and Trademark Office duly and lawfully issued an Inter Partes Reexamination Certificate for the '433 patent confirming the patentability of claims 2, 3, 5, and 7, and adding and confirming the patentability of new claims 17–28. A true and correct copy of the '433 patent, including the Inter Partes Reexamination Certificate, is attached hereto as **Exhibit A**.

11. Creative owns by assignment all right, title, and interest in and to the '433 patent, including the right to all remedies for infringement thereof.

## FACTUAL ALLEGATIONS

### A. The Plaintiff

12. Creative, whose operations include sales, marketing, product development, testing, and compliance, was founded in 1981 with the vision that multimedia would revolutionize the way people interact with their PCs. Creative rapidly became a worldwide leader in digital entertainment products. Famous for its Sound Blaster sound cards, which set the de-facto standard for PC audio in 1989, Creative continues to innovate in the Personal Digital Entertainment market, using groundbreaking technology and leading-edge designs for not just the technically-savvy consumers, but for everyone who enjoys entertainment. With a strong

focus on user-friendly interfaces, multiple features and cool industrial designs, the Creative brand is synonymous with lifestyle Personal Digital Entertainment.

13. Creative was one of the first companies to invest in the research, development and commercialization of portable media players, then referred to as MP3 players. Creative's first digital media players used flash memory as the storage medium. One drawback of these players was that the storage capacity of flash memory was limited at that time to an hour or two of music. Creative envisioned the market potential for significantly higher capacity portable electronic devices and began development of the NOMAD® Jukebox using a high-capacity hard drive as the storage medium. The number of songs that could be stored on this portable electronic device was dramatically greater than the flash based devices – up to 1,000 songs. However, the large number of tracks/songs presented a significant and pressing challenge – how to conveniently organize and access the ever-growing number of songs stored on these devices in view of their small display screens and limited controls.

14. Excited by the market potential and need for a user interface for organizing, navigating and accessing music on portable electronic devices, Creative seized the opportunity to invent a solution – a way to manage a large amount of music in a manner that allows end users to access songs in a logical and user-friendly manner through sequential steps displayed on the small screen of a portable electronic device. After months of ongoing work and development, a team of Creative's engineers in Scotts Valley, California invented a user-friendly interface that simplified navigation on portable electronic devices. This now-patented invention is directed to methods of accessing media tracks (e.g. music) stored on a portable electronic device by navigating through a hierarchical categorization such as artist, artist name, and song title or genre, genre type, and song title.

15. Eager to market and benefit from the invention, Creative announced its anticipated release of the NOMAD Jukebox and presented the first prototype devices at the Consumer Electronics Show (CES) in January 2000. With a 6GB storage capacity, the Creative NOMAD Jukebox could store more than 100 hours of digital media and up to 1,000 songs. More importantly, the NOMAD Jukebox used the revolutionary accessing methods claimed in the ’433 patent to provide users with a convenient interface for managing and accessing all those songs. The NOMAD Jukebox and the user interface encompassed by the ’433 patent set the standard for this new industry of portable media players.

16. On January 16, 2001, Creative announced that it had already shipped 100,000 units of the NOMAD Jukebox portable electronic device. By 2006, Creative’s portable electronic devices featuring its patented user interface had won numerous prestigious awards worldwide, including: The “Best of CES” awards in 2004, 2005 and 2006 and the overall “Best in Show” award at CES in 2006; Best of Show awards in each of the first two, 2004 and 2005, DigitalLife consumer shows; Editor’s Choice or other top editorial awards from PC Magazine, PC Gamer, Laptop, Maximum PC, PC World, Computer Shopper, CNET.com, Sound & Vision magazine and many others.

17. These innovative inventions of the ’433 patent have now become ubiquitous in the industry. While Apple, Inc., which uses these inventions in its iPod and iPhone products, has taken a license, others in the industry have made use of Creative’s inventions without permission.

**B. Defendants and the Accused Products**

18. Samsung has infringed, and continues to infringe, directly and through the inducement of others, one or more claims of the ’433 patent.

19. Upon information and belief, Samsung designs, develops, manufactures, tests, uses, offers for sale, sells, and imports into the United States portable electronic devices that perform methods claimed in one or more claims of the ’433 patent. Such products include Samsung’s mobile phones, such as the Galaxy S6, containing either the preinstalled Google Play Music app or the preinstalled Samsung Music app.

20. Upon information and belief, Samsung actively and knowingly directs, causes, induces and encourages its customers and end users to use Samsung portable electronic devices in the United States in a manner that practices the methods claimed in the ’433 patent, by, among other things, providing instructions, manuals, and technical assistance relating to the use and operation of such products.

### C. Notice of Infringement

21. Creative provided actual notice of the ’433 patent to Samsung in a letter sent on or about February 22, 2007. Creative also provided actual notice to Samsung of the issuance of the Reexamination Certificate for the ’433 patent in a letter sent on or about November 11, 2013. Samsung has therefore had actual knowledge of the ’433 patent and of its infringement thereof since at least the dates it received Creative’s notice letters, as well as since at least the date of service of this Complaint. Despite such actual knowledge, Samsung has nevertheless continued its infringing activities.

## COUNT ONE
## (Infringement of U.S. Patent No. 6,928,433)

22. The allegations set forth in the foregoing paragraphs are hereby realleged and incorporated herein by reference.

23. In violation of 35 U.S.C. § 271(a), Samsung has directly infringed and continues to directly infringe the ’433 patent, both literally and under the doctrine of equivalents, by

practicing the claimed methods of the ’433 patent, including but not limited to claim 5, through activities such as use and testing of the accused portable electronic devices (the “Accused Products”) in the United States without the authority of Creative. The Accused Products include but are not limited to Samsung’s mobile phones, such as the Galaxy S6, containing either the preinstalled Google Play Music app or the preinstalled Samsung Music app. Attached hereto as **Exhibit B** is an infringement chart showing an example of how the use of Samsung’s Galaxy S6 infringes at least claim 5 of the ’433 patent.

24. Samsung has induced and continues to induce infringement of the ’433 patent under 35 U.S.C. § 271(b) by actively inducing its customers and end users to operate the Accused Products in the United States in a manner that directly infringes at least claim 5 of the ’433 patent. Samsung has had actual knowledge of the ’433 patent and its infringement thereof since at least the date it received Creative’s notice letters and since at least the date of service of this Complaint. As such, Samsung has engaged in these actions with either the specific intent to cause infringement or with willful blindness to the infringement that it is causing. For example, Samsung’s actions that actively induce its customers to directly infringe the ’433 patent include selling the Accused Products with a pre-installed music app configured with a user interface designed to encourage customers to operate the Accused Products in a manner that directly infringes at least claim 5 of the ’433 patent. Other examples of Samsung’s actions that actively induce its customers to directly infringe at least claim 5 of the ’433 patent include providing instructions, manuals, and technical assistance relating to the use and operation of the Accused Products. The Accused Products are designed to encourage customers to operate those products in an infringing manner, and the use of the Accused Products by such customers directly infringes at least claim 5 of the ’433 patent for at least the reasons shown in **Exhibit B**. On

information and belief, at least one Samsung customer has used one of the Accused Products to directly infringe at least claim 5 of the ’433 patent.

25. Samsung had actual knowledge of the ’433 patent while committing the foregoing infringing acts, thereby willfully, wantonly and deliberately infringing the ’433 patent. Creative’s damages should be trebled pursuant to 35 U.S.C. § 284 because of Samsung’s willful infringement of the ’433 patent.

26. The acts of infringement by Samsung have been with the knowledge of the ’433 patent and are willful, wanton and deliberate, thus rendering this action “exceptional” within the meaning of 35 U.S.C. § 285 and entitling Creative to its reasonable attorney’s fees and litigation expenses.

27. Creative has been and will continue to be harmed by Samsung’s infringement.

**PRAYER FOR RELIEF**

WHEREFORE, Creative prays for judgment in its favor against Samsung granting Creative the following relief:

A. Entry of judgment in favor of Creative that Samsung has infringed the ’433 patent;

B. An award of compensatory damages in an amount to be determined, amounting to no less than reasonable royalties, prejudgment interest, and/or any other available damages based on any form of recoverable economic injury sustained by Creative as a result of Samsung’s infringement, as provided by 35 U.S.C. § 284;

C. An order that Samsung pay an ongoing royalty in an amount to be determined for any continued infringement after the date judgment is entered;

D. Treble damages to the extent permissible by law, as provided by 35 U.S.C. § 284;

E. To the extent that Creative is the prevailing party and it is determined that this is an exceptional case, an award to Creative for its expenses, disbursements, and reasonable attorney's fees, as provided by 35 U.S.C. § 285 and all other applicable statutes, rules, and common law;

F. Creative's costs of suit;

G. An award of pre-judgment and post-judgment interest at the maximum rates allowed by law; and

H. All such other and further relief as this Court may deem just or equitable.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Creative respectfully demands a trial by jury of all issues so triable in this action.

Dated: March 24, 2016

Respectfully submitted,

By: */s/ S. Calvin Capshaw*

S. Calvin Capshaw
Texas Bar No. 03783900
CAPSHAW DERIEUX LLP
114 E. Commerce Avenue
Gladewater, TX 75647
Telephone: (903) 233-4826
ccapshaw@capshawlaw.com

*Counsel for Plaintiff Creative Technology Ltd.*